**BELNAP & FORBES, PLLC**
Rochelle N. Belnap
Arizona SBN 029172
P.O. Box 1597
Chandler, Arizona 85244
Tel: (480) 907-6088
Fax: (480) 907-7126
rbelnap@belnapforbes.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF ARIZONA – PRESCOTT DIVISION

| | |
|---|---|
| JOSHUA D. RANDALL, | Case No.:  **3:12-cv-08226-LOA** |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant. | |

COMES NOW the Plaintiff, Joshua D. Randall, by and through undersigned counsel, for its

claims against the Defendant, alleges as follows:

### THE PARTIES

1.   Plaintiff, Joshua D. Randall, is a resident of the State of Arizona and the former owner of

property located at 1620 W. Road 4 ½ North, Chino Valley, AZ (herein the "Chino

Valley Property").

2.   Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), upon information and belief,

serviced the mortgage for the Plaintiff's Chino Valley Property and is authorized  to do

business in Yavapai County, Arizona.

### PRELIMINARY STATEMENT

3.   This is an action for actual, statutory, and punitive damages, costs, and attorney's fees

brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act,

"FCRA").

4. In December 2011, Plaintiff obtained a copy of his credit report and discovered that Defendant was reporting inaccurate information about his former mortgage; specifically the reported date and the number and dates of delinquencies were inaccurate (herein the "Ocwen Representation").  See Exhibit A.

5. Plaintiff initially disputed the trade line with the credit reporting agencies in accordance with FCRA § 611, by writing a letter identifying the creditor, the trade line and the specific errors.  See Exhibit B.

6. Upon Plaintiff's request for verification and correction, and in accordance with the standard procedures, the bureaus notified the Defendant of the dispute.

7. However, Defendant did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the reporting in violation of FCRA  § 623(b).

8. The Defendant merely "verified" the debt with the credit bureaus without conducting a reasonable investigation, and the errors remained.  See Exhibit C.

9. Plaintiff did not believe that Defendant substantially or reasonably investigated the dispute as required by FCRA § 623(b).

10. Plaintiff then wrote a letter to Defendant dated May 8, 2012 disputing the reporting and demanding Defendant re-investigate pursuant to the FCRA §§ 611(a)(1)(A), 623(a)(8) and validate the accuracy of the reporting and provide Plaintiff with a copy of his complete payment history.  See Exhibit D.

11. Plaintiff informed Defendant that the account was formerly serviced by Litton Loans.

12. Litton Loans represents to consumers who contact its office through its website and customer service telephone numbers that all correspondence should be directed to Ocwen.

13. Plaintiff wrote a second demand letter after not receiving indication from the Defendant that an investigation was pending.  See Exhibit E.

14. In response, Defendant informed Plaintiff that the investigation was still pending, and that if necessary, it would request information from the previous servicer. See Exhibit F.

15. However, a few days later Defendant informed Plaintiff  that it could not locate the account. See Exhibit G.

16. In August 2012,  Plaintiff reviewed his credit report to discover that Defendant had updated the account by reporting additional dates of delinquencies and  updating the reported date.   The account status "Paid was 120 days delinquent" had a reported date of April 2012 instead of August 2009, a practice referred to as "re-aging." See Exhibit H.

17. Plaintiff then brought this action to enforce his rights under the FCRA § 623(b) to compel the Defendant to amend, correct or delete the reporting and to seek monetary compensation for Defendant's willful or negligent violations of FCRA §623(b).

**FIRST CLAIM FOR RELIEF**

18. Plaintiff re-alleges and incorporates paragraph 1 through 17 above as fully set forth herein.

19. Defendant violated the FCRA § 623(b) by continuing to report the Ocwen Representation within Plaintiff's credit file without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Ocwen Representation; by failing to review all relevant information regarding same; by failing to accurately respond to the major credit bureaus; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ocwen Representation to the consumer reporting agencies.

20. As a result of this conduct, action, and inaction of Defendant, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

21. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to FCRA § 616.  In the alternative, Defendant was negligent entitling Plaintiff to recover actual damages under FCRA § 617.

22. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to FCRA §§ 616-617.

**WHEREFORE**, Plaintiff demands the court compel the Defendant to amend, correct, or delete the reporting; judgment for compensatory and punitive damages against Defendant, for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

`

RESPECTFULLY SUBMITTED this 3rd day of December, 2012.

BELNAP & FORBES, PLLC

By:   /s/ Rochelle N. Belnap
      Rochelle N. Belnap
      Attorney at Law (SBN 029172)

**ORIGINAL** filed electronically
with the Clerk's Office this same date
and with COPIES to be delivered via
U.S. Mail to the following:

Houser & Allison
Attn: Charles Tony Piccuta
9970 Research Drive
Irvine, CA 92618
Attorney for Defendant
By: /s/ Rochelle N. Belnap